UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-7575-DSF (KKx)** | Date: | July 29, 2020 |
| Title: | *Kendra Jefferson v. Mariatte Keshishian, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motions to Compel [Dkts. 27, 29]

On July 6, 2020, Plaintiff Kendra Jefferson ("Plaintiff") filed Motions to Compel Defendants Haidouk Keshishian and Mariette Keshishian ("Defendants") to provide supplemental responses to Requests for Production Nos. 5-10 and produce unredacted documents ("Motions to Compel"). ECF Docket No. ("Dkt.") 27, 29.  For the reasons set forth below, Plaintiff's Motions to Compel are GRANTED IN PART and DENIED IN PART.

**I.
RELEVANT BACKGROUND**

On August 30, 2019, Plaintiff filed this action against Defendants seeking relief, including punitive damages, in connection with alleged discrimination, harassment, and retaliatory mistreatment that Plaintiff was subjected to by Defendants during her tenancy at Defendants' multi-family apartment complex in violation of federal and state fair housing laws.  Dkt. 1.

On October 17, 2019, Defendants filed an Answer.  Dkt. 9.

On April 1, 2020, Plaintiff served a Request for Production of Documents on each Defendant.  Dkt. 27-1 and Dkt. 29-1, Declaration of Odion L. Okojie ("Okojie Decl."), ¶ 15.

On April 3, 2020, the Court approved the parties' stipulated protective order regarding production of "Confidential" documents in discovery.  Dkt. 23.

On April 14, 2020, the Court issued a Scheduling Order setting the discovery cut-off for July 31, 2020 and a trial for December 1, 2020.  Dkt. 25.

On April 27, 2020, Plaintiff's counsel granted Defendants' counsel request for a thirty-day extension of time to respond to the Requests for Production.  Okojie Decl., ¶ 17.

On June 1, 2020, Plaintiff's counsel granted Defendants' counsel's request for another extension up to June 10, 2020.  Id.

On June 10, 2020, Defendants served written responses to the Requests for Production, along with a redacted document production.  Id., ¶ 19.

On June 16, 2020, Plaintiff's counsel sent Defendants' counsel a meet and confer letter requesting supplemental responses to Requests for Production Nos. 5 through 10 and unredacted copies of the documents bate-stamped HK000001 – HK001295.  Id., ¶¶ 20, 21.

On June 22 and 24, 2020, counsel for both parties met and conferred via telephone but were unable to reach any agreements.  Id., ¶ 23.

On June 25, 2020, Plaintiff served her portion of the joint stipulations in support of the instant Motions to Compel on Defendants.  Id., ¶ 27.

On June 30, 2020, Defendants served supplemental responses to the Requests for Production and unredacted copies of the documents bate-stamped HK000001 – HK000733.  Dkt. 27-2 and Dkt. 29-2, Declaration of James T. Spratt ("Spratt Decl."), ¶¶ 4, 7.

On July 2, 2020, Defendants' counsel served a privilege log in connection with Defendants' supplemental responses to the Requests for Production.  Id., ¶ 5.

On July 6, 2020, Plaintiff filed the instant Motions to Compel seeking production of documents and supplemental responses to Requests for Production Nos. 5-10 and unredacted copies of all documents previously produced.  Dkts. 27, 29.  The Motions to Compel were filed concurrently with Joint Stipulations pursuant to Local Rule 37-2.  Dkts. 28, 30 (collectively, "JS").

On July 9, 2020,[1] Defendants served supplemental response to Requests for Production. Dkt. 31, Declaration of Haidouk Keshishian ("Haidouk Decl."), ¶ 6; Dkt. 32, Declaration of Mariette Keshishian ("Mariette Decl."), ¶ 6.  On July 10, 2020, Defendants filed supplemental declarations in support of their Oppositions to the Motions to Compel.  Dkts. 31, 32.  The matters thus stand submitted.

---

[1] There appears to be a typo in paragraph 6 of Defendants' declarations.  Both Defendants state they verified supplemental responses "on July 8, 2020 and forwarded the verified responses to [their] attorney on June 8, 2020."  Haidouk Decl., ¶ 6; Mariette Decl., ¶ 6.  A July 9, 2020 service date is consistent with Defendants' counsel's representation in his July 2, 2020 declaration that Defendants intend to provide further supplemental responses.  Spratt Decl., ¶ 11.  Without copies of any of the Requests for Production or responses, the Court is left with the parties' representations regarding the supplemental responses that are not included verbatim in the Joint Stipulations.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

///
///
///



## III.
## DISCUSSION

As an initial matter, the Motions to Compel are untimely because they were not filed "sufficiently in advance of the discovery cut-off to permit the responses to be obtained before that date, if the motion is granted." See dkt. 25 at 3. Nevertheless, because it appears Plaintiff proceeded diligently in seeking discovery and meeting and conferring, the Court will address the merits of the Motions to Compel.

**A.     REQUESTS FOR PRODUCTION NOS. 5 AND 6**

Request for Production No. 5 seeks all documents relating to Defendants' "current financial condition and projected financial condition, including but not limited to Balance Sheets, Statements of Income, and Statement[s] of cash flow for the years of 2017, 2018, and 2019." JS at 9.

Request for Production No. 6 seeks all documents relating to Defendants' "annual financial reports, and annual profit and loss statements, for each fiscal years [sic] of 2017, 2018, and 2019." Id.

Defendants objected to both requests on the grounds they (a) are vague and overbroad; (b) seek irrelevant documents; (c) seek documents protected by the attorney-client privilege and attorney work product doctrine; and (d) seek "financial information protected by right of privacy and not relevant to this matter." Id. at 9-10.

On June 30, 2020 and July 9, 2020, Defendants served supplemental responses. According to Defendants, the July 9, 2020 responses state "no documents were produced because these documents do not exist, nor did they ever exist." Haidouk Decl., ¶ 6; Mariette Decl., ¶ 6. While it seems unlikely Defendants, who own and manage real estate property, do not have even a statement of cash flow, the Court cannot compel production of documents Defendants have stated do not exist.

Hence, in light of Defendants' July 9, 2020 supplemental responses, Plaintiff's Motion to Compel further responses to Requests for Production Nos. 5 and 6 is DENIED as MOOT.

**B.     REQUESTS FOR PRODUCTION NOS. 7 THROUGH 10**

Request for Production No. 7 seeks all documents which relate to Defendants' "annual State of California and federal tax returns, including United States Revenue Service, IRS Form 1065 for the years of 2017, 2018, and 2019." JS at 10.

Request for Production No. 8 seeks all documents relating to Schedule K-1 which Defendants "received in connection with [their] ownership interest in any real property in any state in the United States of America for the years of 2017, 2018, and 2019." Id.

Request for Production No. 9 seeks all documents "that list the address, dates of management, ownership, and type of dwelling (e.g., single family residence, apartment, duplex) [of] any rental dwelling owned, managed or operated by [Defendants] at any time since January 1, 2016." Id. at 11.

Request for Production No. 10 seeks all documents "which reflect all appraisals conducted on all real property held in part or in full by [Defendants]." Id.

Defendants objected to Requests for Production Nos. 7-10 on the grounds they (a) are vague and overbroad; (b) seek irrelevant documents; (c) seek documents protected by the attorney-client privilege and attorney work product doctrine; and (d) seek "financial information protected by right of privacy and not relevant to this matter." Id. at 10-11.

On June 30, 2020 and July 9, 2020, Defendants served supplemental responses. In the July 9, 2020 response, Defendants continue to assert Defendants' "right of financial privacy not to produce these documents relating to [their] Federal Tax Returns and financial information regarding [their] ownership of other real property." Haidouk Decl., ¶ 6; Mariette Decl., ¶ 6. Defendants argue they fear Plaintiff will use their financial information for identity theft, particularly because they believe Plaintiff has previously plead guilty to, and been convicted of, felony welfare fraud and fraudulently misrepresented her "living and tenant status" while she lived in Defendants' building. Haidouk Decl., ¶¶ 8, 9; Mariette Decl., ¶¶ 8, 9.

Here, the Court finds Defendants' tax returns and information regarding property ownership are relevant to Plaintiff's claim for punitive damages. Defendants argue Plaintiff should be required to make a prima facie showing that she is entitled to punitive damages before being permitted discovery regarding Defendants' financial condition. JS at 19-21. The Ninth Circuit, however, has not answered the question of whether a party must make a prima facie showing they are entitled to punitive damages prior to being allowed to obtain discovery regarding a defendant's financial information. U.S. E.E.O.C. v. Giumarra Vineyards Corp., No. 1:09-CV-02255-AWI, 2012 WL 393333, at *2 (E.D. Cal. Feb. 6, 2012) ("Applicable law on this issue in this circuit is clearly unclear."). Moreover, "the majority of federal courts do not require a prima facie showing, and in recent opinions, it appears the courts in this district, across California, and throughout the Ninth Circuit routinely follow the majority approach." Atayde v. Napa State Hosp., No. 1:16-CV-00398-DAD-SAB, 2020 WL 605868, at *3 (E.D. Cal. Feb. 7, 2020), reconsideration denied, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020) (collecting cases). The Court finds no compelling reason to deviate from the majority approach and thus finds the requested financial information is relevant to the claim for punitive damages and discoverable without a prima facie showing by Plaintiff. Accordingly, Defendants' boilerplate vague and ambiguous, and relevance objections are OVERRULED.

In addition, Defendants' privacy and identity theft concerns can be addressed by a protective order permitting production of documents for Plaintiff's attorney's eyes only. See Soto v. City of Concord, 162 F.R.D. 603, 614 (N.D. Cal. 1995). The current protective order in this action, however, does not provide for an "Attorney's Eyes Only" designation. Plaintiff does not argue it would be insufficient for only her attorneys to have access to Defendants' financial information. Accordingly, the Court will only require production of documents responsive to Requests for Production Nos. 7-10 subject to a protective order including an "Attorney's Eyes Only" designation.[2]

---

[2] Defendants have now served a privilege log and Plaintiff does not object to any particular entry. Accordingly, Defendants' privilege objections are SUSTAINED.

(continued . . .)

Hence, Plaintiff's Motion to Compel further responses to Requests for Production Nos. 7-10 is CONDITIONALLY GRANTED[3] subject to (1) the District Court granting an extension of the discovery cut-off and (2) the parties stipulating to a protective order including an "Attorney's Eyes Only" designation.

### C.     REDACTED DOCUMENTS

On June 30, 2020, Defendants served unredacted copies of many of the documents previously produced. Plaintiff, however, argues the documents bate-stamped HK000035, HK000621, and HK000734 – HK001295 still contain redactions. Okojie Decl., ¶ 30. Defendants state they have reviewed their entire production and "[a]ll of the redactions on these documents are redactions containing either bank account numbers and routing numbers on bank checks or account numbers for utilities and other services provided for the premises." Haidouk Decl., ¶ 4; Mariette Decl., ¶ 4. Plaintiff has not provided any explanation for why these account numbers are relevant to this action. Hence, Plaintiff's Motion to Compel production of unredacted copies of the documents previously produced is DENIED.

### D.     ATTORNEY'S FEES

Plaintiff seeks an award of $12,600 as reasonable attorney's fees and expenses incurred in bringing the Motions to Compel.[4] JS at 23; Okojie Decl., ¶¶ 31-39.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Here, Plaintiff's Motions to Compel are granted in part and denied in part. To the extent the Motions to Compel are granted, they are only granted conditionally due to the imminent discovery cut-off and Plaintiff's failure to consider an "attorney's eyes only" protective order. The Court, therefore, finds an award of expenses not warranted under the circumstances of this case. Hence, Plaintiff's request for an award of her attorney's fees incurred in bringing the Motions to Compel is DENIED.

///
///
///

---

[3] This Court is without authority to order discovery after the discovery cut-off set by the District Judge or to continue the discovery cut-off. See United States v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 9661172, at *1 (C.D. Cal. Oct. 16, 2015) (holding a magistrate judge "does not have the authority to order discovery after the deadline set by the District Judge").

[4] It is not entirely clear whether Plaintiff seeks $12,600 for each motion or for both motions combined. Nevertheless, to the extent Plaintiff seeks this incredible sum for each straightforward motion to compel where the only difference between the motions is the name of the Defendant, the Court finds such a request would be in bad faith in light of the duplicative nature of the motions.

///

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED, Plaintiff's Motions to Compel are GRANTED IN PART and DENIED IN PART as follows:

(1) Plaintiff's Motions to Compel further responses to Requests for Production Nos. 5 and 6 are DENIED as MOOT;

(2) Plaintiff's Motions to Compel further responses to Requests for Production Nos. 7 through 10 are CONDITIONALLY GRANTED subject to (1) the District Court granting an extension of the discovery cut-off and (2) the parties stipulating to a protective order including an "Attorney's Eyes Only" designation. **Within fourteen (14) days** of the District Court granting an extension of the discovery cut-off and this Court approving the parties' amended stipulated protective order, Defendants shall serve supplemental responses to Requests for Production Nos. 7 through 10 and produce responsive documents subject to the "Attorney's Eyes Only" provisions of the amended protective order; and

(3) Plaintiff's Motions to Compel production of unredacted copies of all documents previously produced are DENIED.